# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHANG BRUNO MCPHERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-cv-900-SPM |
| EILEEN RAMEY, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the Court upon plaintiff Chang Bruno McPherson's submission of a complaint and a motion for leave to proceed *in forma pauperis*. Plaintiff's motion will be provisionally granted. Additionally, the Court will transfer this case to the United States District Court for the Western District of Missouri.

Plaintiff is presently incarcerated at the Northeast Correctional Center. He brings this action under 42 U.S.C. § 1983 against Eileen Ramey, the warden of the Jefferson City Correctional Center (JCCC). He also names as defendants the Director of the Missouri Department of Corrections, Corizon, supervisory and administrative officials, and JCCC employees.

It is apparent that the events giving rise to plaintiff's claims occurred while he was incarcerated at JCCC. Plaintiff alleges that, for four months beginning in April of 2018, he was denied medication necessary to treat his Chronic Obstructive Pulmonary Disease (COPD). He also alleges that all of the parties to this action were directly involved in the grievances he filed, but did nothing to help him get the necessary medication. Attached to the complaint are copies of an offender grievance appeal and an offender grievance appeal response dated in November of

2018. Both documents indicate plaintiff's institution as JCCC. In the grievance appeal, plaintiff complained he was denied necessary COPD medication from April of 2018 through August of 2018. In the grievance appeal response, signed by two individuals who are defendants in this matter, plaintiff is advised that his grievance appeal is unsupported. These documents are considered part of the complaint for all purposes. *See* Fed. R. Civ. P. 10(c).

Under 28 U.S.C. § 1391(b), this type of action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Here, it is apparent that the events or omissions giving rise to plaintiff's claims occurred at JCCC, which is located in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(4). Additionally, plaintiff has named as defendants the JCCC warden, and JCCC employees. Therefore, the Court concludes that venue is proper in the Western District of Missouri. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 3) is **PROVISIONALLY GRANTED**, subject to modification by the United States District Court for the Western District of Missouri.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri.

Dated this 12th day of April, 2019.

                                                  JOHN A. ROSS
                                                  UNITED STATES DISTRICT JUDGE